IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE SAMUEL GEE, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:18-cv-2681-G-BN |
| § | |
| STATE OF TEXAS and STACEY D. § | |
| GEE § | |
| § | |
| Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On October 19, 2018, the Court remanded this action to state court and also determined that Stacey D. Gee is entitled to costs and actual expenses, including reasonable attorney's fees, under 28 U.S.C. § 1447(c), referring to the undersigned United States magistrate judge "the amount of such costs and actual expenses, including attorney's fees, to be awarded to Ms. Gee under Section 1447(c)" for findings and recommendation under 28 U.S.C. § 636(b)(1). Dkt. No. 22.

Ms. Gee filed a motion to support her request for Section 1447(c) costs and expenses, *see* Dkt. No. 24, as ordered by the Court, *see* Dkt. No. 23. And, in response, Steve Samuel Gee, Jr., the removing party, filed a Response to Willful First Amendment Retaliation and Clear Fraud Upon the Court, Rule 60(b) Motion to Set Aside Judgment for Clear Fraud Upon the Court by Judicial Officers, and Notice of Tort Claims [Dkt. No. 25] (the "Response and Rule 60(b) Motion").

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the relief requested in the Response and

Rule 60(b) Motion and award Stacey D. Gee $1,225.70 in costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c).

## Applicable Background

On October 19, 2018, the Court entered the following order:

> Steve Samuel Gee, Jr. ("Mr. Gee"), a party to an ongoing divorce proceeding in the 422nd District Court in Kaufman County, Texas has again removed that proceeding to this court, citing as a basis 28 U.S.C. § 1443. The other party to that proceeding, Stacey D. Gee ("Ms. Gee"), has moved to remand and has requested her costs and expenses and that the court sanction Mr. Gee. *See generally* Response to Petition for Removal and Motion to Strike and/or Remand and Request for Sanctions ("Response") (docket entry 19); Motion for Remand and Request for Sanctions (docket entry 21).
>
> In *Gee v. Texas* another judge of this court remanded Mr. Gee's first attempt to remove the divorce proceedings to federal court (also under Section 1443) and awarded Ms. Gee $5,002.60 in costs and actual expenses, including reasonable attorney's fees, under 28 U.S.C. § 1447(c). *Gee v. Texas*, No. 3:18-CV-0833-D, 2018 WL 3302817, at *1 (N.D. Tex. 2018) (Fitzwater, J.). The court takes notice of that proceeding to find that Mr. Gee's second removal to this court is frivolous.
>
> As before, the constitutional challenges that Mr. Gee raises as either defenses to—or counterclaims in—the underlying state proceeding are not a basis for removal. *See, e.g., Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (internal quotation marks omitted)). And Mr. Gee again fails to show that Section 1443 applies. *See Gee v. Texas*, No. 3:18-cv-833-D-BN, 2018 WL 3321257, at *5 (N.D. Tex. June 12, 2018) (Horan, Magistrate J.) ("Steve Gee also fails on the second prong set out above by not credibly showing that any 'provision of state law will cause the state courts to deprive [him] of the protection of federal constitutional or statutory rights.'" (citations omitted)), *rec. adopted*, 2018 WL 3302817 (N.D. Tex. July 5, 2018) (Fitzwater, J.); *see also Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) ("To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that

> (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))).
>
> It is therefore **ORDERED** that this action is again **REMANDED** to the 422nd District Court in Kaufman County, Texas.
>
> The Court also imposes the following **SANCTION** on Mr. Gee: He may not again file a notice of removal as to this proceeding in this Court or any other federal court without first requesting and obtaining the written approval of a United States district or magistrate judge. His violation of this sanction will subject him to monetary sanctions to be determined by the court.
>
> Further, it is **ORDERED** that Stacey D. Gee is awarded costs and actual expenses, including reasonable attorney's fees, under 28 U.S.C. § 1447(c). And, under 28 U.S.C. § 636(b)(1), the amount of such costs and actual expenses, including attorney's fees, to be awarded to Ms. Gee under Section 1447(c) is **REFERRED** to United States Magistrate Judge David L. Horan for findings and recommendation under 28 U.S.C. § 636(b)(1). The court retains jurisdiction over the determination of this award, but it otherwise remands the case.
>
> The clerk of court shall effect the remand according to the usual procedure.

Dkt. No. 22.

## Legal Standards and Analysis

I.  Rule 60(b)

First, to the extent that Mr. Gee moves under Rule 60(b) for the Court to vacate its decision to remand this action to state court, because he removed the state proceeding under Section 1443, the Court may consider his motion as to the remand decision. *See, e.g., J.P. Morgan Chase Bank, N.A. v. Innes*, No. EP-13-CV-322-KC, 2013 WL 6097018, at *1 (W.D. Tex. Nov. 20, 2013) (citing 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from

which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."); citation omitted); *cf. Sanders v. Wright*, 734 F. App'x 303, 304 (5th Cir. 2018) (per curiam) ("Although a remand order in a removed case is ordinarily not appealable, such an order is appealable if the action was removed pursuant to 28 U.S.C. § 1443, which permits removal in cases where constitutional rights cannot be enforced in state court. 28 U.S.C. § 1447(d); *Robertson v. Ball*, 534 F.2d 63, 66 (5th Cir. 1976).").

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.*

Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Mr. Gee] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

Mr. Gee specifically cites (b)(1), (b)(3), (b)(4), and (b)(6) as grounds for relief. *See* Dkt. No. 25 at 3.

"[I]n this circuit," Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted).

Rule 60(b)(3) imposes a similarly heavy burden: "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v.*

*Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (internal citations omitted); *accord Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418-19 (5th Cir. 2018); *see also Rozier*, 573 F.3d at 1338 ("[I]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b) ... it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960))).

And Rule 60(b)(4) "relieves parties from a judgment if the trial court 'acted in a manner inconsistent with due process of law,' or issued a judgment that, 'from its inception, was a complete nullity and without legal effect.'" *Scott*, 899 F.3d at 419 (quoting *Carter*, 136 F.3d at 1006); *see also Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 958 (5th Cir. 2013) (per curiam) ("In civil cases, due process is limited essentially to the right to 'proper notice and service of process and a court of competent jurisdiction.' '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.' Accordingly, we have held that relief under Rule 60(b)(4) is warranted only in very limited circumstances, such as when a district court grants summary judgment without providing notice of the proceeding or filings to the defendant." (footnotes omitted)).

Mr. Gee fails to show that, by remanding this action to state court (for the second time), imposing a sanction on him to prevent a third wrongful removal of this action, and awarding Ms. Gee her costs and actual expenses, including reasonable attorney's fees, under Section 1447(c), the Court either acted in a manner inconsistent with due process or issued a judgment without legal effect or that fundamentally

misconceived the law or that the Court's order was obtained unfairly. Thus, he has not shown that relief is proper under either (b)(1), (b)(3), or (b)(4).

And, while "Rule 60(b) vests wide discretion in courts, ... relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

> "[I]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 137 S. Ct. at 778; *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("As for a motion under clause (6), the movant must show the initial judgment to have been manifestly unjust." (internal quotations and citation omitted)).

*Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *3 (N.D. Tex. Jan. 3, 2018).

One basis for relief under Rule 60(b)(6) could be Mr. Gee's assertions supposedly based on 28 U.S.C. §§ 144 and 455 – but neither made through a separate motion nor supported by an affidavit – that both Judge Fish and the undersigned should recuse. *See* Dkt. No. 25 at 4, 9; *cf. United States v. Gonzalez*, 348 Fed. Appx. 4, 6 (5th Cir. 2009) (per curiam) ("Motions brought under § 144 and . . . § 455 are substantively similar and both require recusal only for 'personal, extrajudicial bias.'" (quoting *United States v. MMR Corp.*, 954 F.2d 1040, 1045-46 (5th Cir. 1992)); *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) ("Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature." (citation omitted)).

And "[c]ourts have used Rule 60(b)(6) ... to remedy violations of 28 U.S.C. § 455."

*Lindy Inv. III v. Shakertown 1992, Inc.*, 360 F. App'x 510, 516 (5th Cir. 2010) (per curiam) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864-65 (1988)). But "[r]elief under Rule 60(b) for a failure to recuse is a two-step process: not only must the litigant claiming relief demonstrate that the undersigned should have recused under § 455, but she must also demonstrate why that failure to recuse is grounds for relief under Rule 60(b)." *Morrison v. Walker*, No. 1:13-CV-00327-KFG, 2016 WL 7637672, at *6 (E.D. Tex. Dec. 7, 2016) (citing *Liljeberg*, 486 U.S. at 863 ("Section 455 does not, on its own, authorize the reopening of closed litigation.")).

Because, as to Section 144, Mr. Gee fails to provide an affidavit to support the assertions made in the Rule 60(b) motion that either judicial officer associated with this proceeding should recuse and, as to Section 455, fails to demonstrate that recusal was required, this ground for relief under Rule 60(b)(6) also fails. *See id.*; *cf. United States v. Saleh*, No. 3:10-cr-83-L, 2010 WL 4274757, at *3 (N.D. Tex. Oct. 22, 2010) (Under Section 144, "a judge must only reassign a cause to another judge 'when a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him on in favor of any adverse party.'" (quoting *Scroggins*, 485 F.3d at 829 n.19)); *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975) ("Once [a] motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged.").

And he otherwise fails to show other circumstances so extraordinary as to justify relief under Rule 60(b)(6).

For these reasons, the Court should deny the relief requested in the Response and Rule 60(b) Motion.

II.   Section 1447(c)

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

Although Mr. Gee is proceeding *pro se*, that does not excuse his second removal of this action for essentially the same reasons that he claimed supported his first removal – reasons that the Court previously found unjustified. This objectively unreasonable removal to this Court has needlessly perpetuated already protracted

litigation, forcing Ms. Gee to incur additional – and unnecessary – legal fees. Given the lack of an objectively reasonable basis for removal, Ms. Gee seeks to recover costs and actual expenses, including reasonable attorneys' fees, amounting to $1,225.70, a sum established by uncontested evidence. *See* Dkt. No. 24-1, Attorney Brandi H. Fernandez's Affidavit in Support of Request for Attorney's Fees.

"[W]ith respect to an award under § 1447(c) of 'costs' (at least in the sense of costs under Fed. R. Civ. P. 54(d)(1)) the remanding court's discretion is much broader ... than with respect to an attorney's fees award by the remanding court under § 1447(c)." *Hornbuckle*, 358 F.3d at 541 n.5 (citing *Miranti v. Lee*, 3 F.3d 925, 99 (5th Cir. 1993); *Valdes*, 199 F.3d at 293). "Even as to such 'costs,' however, discretion is not unlimited." *Id.* (citing *W.H. Avittis v. Amoco Prod. Co.*, 111 F.3d 30, 32, 33 (5th Cir. 1997)); *see also Thibodeaux Family Ltd. P'ship v. Holland*, No. 06-1626, 2006 WL 3899908, at *2 (W.D. La. Nov. 29, 2006) ("Rule 54(d)(1) costs are not subject to [Section 1447(c)'s] objective reasonableness test. Rather, [that rule] creates a strong presumption that the prevailing party will be awarded costs." (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); citation omitted)).

A. Section 1447(c) Attorneys' Fees

"[A] party may only recover attorneys' fees 'incurred as a result of the removal.'" *Western Healthcare*, 2016 WL 7735761, at *3 (quoting 28 U.S.C. § 1447(c)). The "Fifth Circuit has 'interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court.'" *Id.* (quoting *Avitts v. Amoco*

*Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)). "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32; *accord De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014) (per curiam); *see, e.g., Wermelinger v. Conn. Gen. Life Ins. Co.*, No. 3:97-cv-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) ("Because only fees incurred as a result of the removal are recoverable, the court must reduce many entries. The entries range from time spent on motions to dismiss and motions to disqualify opposing counsel.").

To determine those fees "incurred as a result of removal," "[t]his Court uses the 'lodestar' method," *Western Healthcare*, 2016 WL 7735761, at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); citations omitted), which it calculates by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate – the market rate in the community for this work, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly

rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis,* 526 F.2d at 868; *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A movant seeking attorneys' fees is also "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

-12-

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted). "Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize

-14-

the approach laid out by this Court. *See Black v. Settle Pou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a more recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee,

-15-

enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95.

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under 28 U.S.C. § 1447(c).

Ms. Gee seeks to recover fees at $300.00 an hour for 4 hours of Ms. Fernandez's time reviewing pleadings filed by Mr. Gee connected to this second removal of this action, researching issues related to Mr. Gee's theories in support of this removal, and drafting and filing pleadings in response to this removal, including Ms. Gee's motion to remand. *See* Dkt. No. 24-1. In support of this request, Ms. Fernandez testifies:

> The times and expenses [itemized in her affidavit] were specific to Mr. Gee's Second Petition for removal and accompanying motions. The documents and motions filed by Mr. Gee comprised of approximately 18 motions and/or documents (totaling approximately 77 pages), which required review and responses by our office. The fees and expenses outlined above do not include other fees that are otherwise related to the state court divorce action.

*Id.* at 2 (emphasis omitted).

Mr. Gee does not challenge the hourly rate for Ms. Fernandez, who has been licensed to practice law in Texas since 1996, *see id.* at 2-3, and the undersigned finds that these rates are reasonable and within the market rate for attorneys and legal assistants handling this type of litigation in the Dallas area.

Ms. Fernandez's affidavit and records attached thereto include a narrative description of the work done and the number of hours that it took to complete the work.

*See id.* at 1-2. And, although these descriptions do no reflect time that was written off, and thus evidence billing judgment per se, a review of these descriptions against a strong familiarity with these proceedings "satisfies [the undersigned] that [Ms. Gee's] counsel did" exercise such judgment. *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, Civ. A. No. 10-4151, 2015 WL 5306229, at *3 (E.D. La. Sept. 10, 2015).

Thus, having carefully reviewed the billing records, the undersigned finds that the 4 hours of attorney time– all time incurred solely as a result of Mr. Gee's second wrongful removal – are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that Ms. Gee should be awarded her requested attorneys' fees.

The undersigned therefore finds the appropriate lodestar here to be calculated as 4 hours at $300.00 for a total of $1,200.00. While the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Ms. Gee does not seek an enhancement of her attorneys' fees. And the undersigned determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

### B.     Section 1447(c) Costs

Ms. Gee also seeks to recover under Section 1447(c) costs totaling $25.70, for copies. *See* Dkt. No. 24-1 at 2. At least one other district court in this circuit, citing "the Federal Rules of Civil Procedure's liberal approach to allowing costs," has found that "nothing precludes the recovery of costs associated with removal," but then limited the

plaintiffs' costs "only to those specifically listed in 28 U.S.C. § 1920." *In re N.Y. Life Ins. Co. Agents' Class Claimants Solicitation Litig.*, 92 F. Supp. 2d 564, 573 (E.D. La. 1997) (citation omitted); *see also Hornbuckle*, 358 F.3d at 541 n.5 (noting that the Court's discretion as to the award of costs associated with removal "is not unlimited"). The undersigned agrees with this approach and finds that the Court should award Ms. Gee the costs for copies, under 28 U.S.C. § 1920(4).

## Recommendation

The Court should deny the relief requested in Steve Samuel Gee, Jr.'s Response to Willful First Amendment Retaliation and Clear Fraud Upon the Court, Rule 60(b) Motion to Set Aside Judgment for Clear Fraud Upon the Court by Judicial Officers, and Notice of Tort Claims [Dkt. No. 25] and award Stacey D. Gee $1,225.70 in costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE